## Chestnut v. Tracy, et al.

(Decided October 10, 1911.)

### Appeal from Boyle Circuit Court.

1. Land—Adverse Possession.—A vendee who has not received his deed but encloses the land and lives upon it, is in adverse possession as to the others, though his possession may not be adverse to his vendor.

2. Judgment—Doubtful Question—Conflicting Evidence.—The Chancellor's judgment on a disputed question of fact will not be reversed where the evidence is conflicting and the truth of the matter is doubtful.

WM. S. LAW'WILL for appellant.

EMMET PURYEAR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

This suit was brought by George Chestnut to enjoin John Tracy from fencing up a strip of land three feet wide at the back of his lot on West Main street in Danville, Ky., on the ground that the strip was the property of Chestnut. Tracy answered alleging that the strip was his property and had been in adverse possession of himself and those he claimed under for more than fifteen years. Much proof was taken, and on final hearing the circuit court dismissed Chestnut's petition, adjudging Tracy the owner of the strip in controversy. Chestnut appeals.

The appeal raises simply a question of fact. The deed under which Chestnut claims conveys to him a strip bounded on the north by the property of Gilcher, on the south by the property of Tracy and others, "about seven feet wide and not less than six feet nine inches." He has a strip seven wide outside of the three feet in controversy. Tracy's deed calls for a lot 165 feet deep and he has 165 feet if the line is run as claimed by Chestnut; but Tracy shows that about the year 1889 he fenced up his lot enclosing the strip in controversy and kept it so fenced, claiming it adversely by actual enclosure and residence on the property until 1906 when he set his fence back 3 feet to accommodate a neighbor who was building and asked the space so he could haul in his materials. If he so held the property for that length of

time he obtained a title to the strip by adverse possession though his deed had not been obtained from his vendor when he built the fence. He had bought the property and while his possession might not be adverse to his vendor before he got the deed, it was adverse to others. Chestnut claims under another title. That the old fence did enclose the strip in controversy we have little doubt under the evidence. It is true the plaintiff introduced a larger mass of evidence to show it did not enclose it; but the weight of the evidence is clearly with the defendant. The old gate post which is relied on by the plaintiff is shown to have been moved and reset. The mulberry tree which is also relied on is shown by the defendants' witnesses to have stood within the old fence and they state a number of facts about it which could not be true if it was not within the fence; we must accept the testimony of a number of unimpeached witnesses or say they were mistaken as to matters which they testify to positively. Much greater weight must be given the testimony of a witness positively affirming a fact than mere negative testimony. The witnesses tell how the tree leaned toward the fence and they got into it by climbing the fence, they got mulberries off it; it was known as Tracy's tree, and if the children made a noise there, the Tracys made them leave; specific things are shown to have been placed between the tree and the fence and specific work is shown to have been done under its shade on Tracy's lot. That Tracy set his fence back in 1906 three feet is shown not only by him and his family, but also by the men who did the work. The mulberry tree was cut down by his consent and left in his yard. The request for the removal of the fence is also shown. If there was then a strip there ten feet wide this would have sufficed for the hauling required and there would have been no need to set the fence back. The call of Chestnut's deed for a strip seven wide and not less than six feet nine inches is strongly corroborative; for this deed was made while the old fence was still standing and it is hard to believe such words would have been used to designate a strip ten feet wide.

We give some weight to the finding of the chancellor on a question of fact, and we do not disturb it where the evidence is conflicting and on all the proof the mind is left in doubt. Here the weight of the evidence sustains the chancellor's finding.

Judgment affirmed.